IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT OWENSBORO)

JEREMY T. GEARY PLAINTIFF
809 Elmwood Drive
Leitchfield, Kentucky 42754

4:17CV-00125-JHM

v.

EQUIFAX INFORMATION SERVICES, LLC DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

SERVE: CSC-Lawyers Incorporating Service Co.
421 W. Main St.
Frankfort, KY 40601
(BY CERTIFIED MAIL)

** ** ** **

**VERIFIED COMPLAINT**

Comes the Plaintiff, Jeremy T. Geary, and for his Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's failure to investigate Plaintiff's disputes regarding alleged past due credit account and Defendant's failure to maintain the accuracy of Plaintiff's credit information.

## II. PARTIES

2. Plaintiff, Jeremy T. Geary, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 809 Elmwood Drive, Leitchfield, Kentucky 42754.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Grayson County, Kentucky as a result of the Defendant doing business in Grayson County, Kentucky.

## IV. FACTUAL BACKGROUND

8. In or around April 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Equifax credit report and discovered a number of derogatory tradelines furnished by Wilson & Muir Bank regarding alleged past due credit accounts, specifically Wilson & Muir Account Nos. 907758000001**** and 422350451002**** ("the past due accounts").

9. Wilson & Muir also furnished a tradeline regarding a paid and closed credit account belonging to Plaintiff with a zero balance, specifically Wilson & Muir Account No. 90772300**** ("the paid account").

10. Immediately upon discovering the derogatory Wilson & Muir tradelines, Plaintiff disputed the past due account tradelines with Equifax. Plaintiff did not dispute the paid account tradeline.

11. In May 2017, Plaintiff received Equifax's dispute results. Those results indicated that, despite Plaintiff not disputing the paid account tradeline, Equifax deleted the paid account tradeline from Plaintiff's Equifax credit report.

12. Equifax's failure to investigate Plaintiff's disputes and its failure to maintain accurate credit information regarding Plaintiff have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit.

## V. CLAIMS

### Negligence – Equifax

13. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. Equifax's failure to properly investigate Plaintiff's disputes and its failure to maintain the accuracy of Plaintiff's credit information, was negligent. In failing to properly investigate Plaintiff's disputes and in failing to maintain the accuracy of Plaintiff's credit information, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and its duty to maintain accurate credit information for Plaintiff and acted with conscious disregard for the rights of the Plaintiff.

15. Equifax's negligent failure to properly investigate Plaintiff's disputes of the Wilson

& Muir accounts and its failure to accurately maintain Plaintiff's credit information has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

16. Equifax's failure to properly investigate Plaintiff's disputes and its failure to maintain accurate credit information for the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

17. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 16 as if fully set forth herein.

18. Equifax's failure to properly investigate the disputed items and its failure to maintain accurate credit information for Plaintiff are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

19. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

20. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21. Equifax's failure to properly investigate the disputed items and its failure to maintain accurate credit information for Plaintiff are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

22. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Jeremy T. Geary, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*

David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

**VERIFICATION**

I, Jeremy T. Geary, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

Jeremy T. Geary

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF GRAYSON )

Subscribed, sworn to and acknowledged before me by Jeremy T. Geary this 21 day of September, 2017.

Notary Public

Commission Expires: 12/27/20